## Beliles, et al. v. Holman (his Heirs.)

(Decided February 6, 1925.)

### Appeal from Butler Circuit Court.

Adverse Possession—Evidence Held Insufficient to Establish Title by Adverse Possession to Land Involved, Except Small Inclosure.—Evidence held insufficient to establish defendants' title by adverse possession to land in question, except a small inclosure.

E. J. FELTS and E. N. MAYHUGH for appellants.

A. THATCHER and G. V. WILLIS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Holman filed his action in ejectment against Beliles and others wherein he claimed to be the owner of and entitled to the possession of about fifty acres of land described by metes and bounds, the same being a part of a tract patented to him, as alleged, many years ago.

The defendants answered denying his title, or that the land had been patented to him, and then asserted title in themselves by adverse possession.

On a trial before a jury there was a failure to reach a verdict, whereupon, on motion, the cause was transferred to the equity docket without objection.

On a final hearing the chancellor adjudged the tract of land in question to be the property of the plaintiff, except about four acres thereof which defendant had lived upon and had had inclosed for longer than the statutory period, and from that judgment the defendants appeal.

The land is wild, uninclosed woodland, and while there is some evidence that in years gone by there were at times trespasses upon the same, and even some assertion of title, there is nothing to show that anyone ever occupied this tract, or had any well defined marked boundary around it or any of it, prior to the occupancy of a small part of it by appellants, and the evidence that defendants had any well defined or marked boundary outside of their small inclosure is not satisfactory.

It is made reasonably certain by the whole evidence, and especially the lines of the patent issued to appellee, that the land in controversy is embraced in his patent. Not only so, appellants do not file the deed under which they claim, but it is in evidence that the instrument only calls for the lines of adjoining landowners, and does not undertake to describe the tract by metes and bounds. There is in evidence, however, a deed by appellants' remote vendor, Bailey, describing the 150 acres which Bailey then owned, and which the evidence shows embraced the land now claimed by appellants, and the southern lines and calls of that Bailey deed are the same as the lines and calls on the north in the Holman patent.

It is clear that as appellants' deed only calls for the lines of adjoining landowners, and are claiming under the Bailey title, their lines can go no further than the lines of the Holman patent.

It is reasonably certain that the lines of his deed did not embrace any part of the Holman patent; and if they did, they having no title, acquired possession within the Holman patent only to that portion inclosed, and that the judgment of the court gave him.

Judgment affirmed.